IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Sinkler, | C/A No. 3:25-cv-13582-JFA-KFM |
| Plaintiff, | |
| v. | |
| Coca-Cola Consolidated, Inc., | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Mark Sinkler ("Plaintiff") sues his former employer Coca-Cola Consolidated, Inc., ("Defendant" or "CCCI"), alleging federal and state law claims. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Subsequently, Defendant filed a Motion to Dismiss for Failure to State a Claim as to all of Plaintiff's claims. (ECF No. 5).

After reviewing the Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Defendant's Motion to Dismiss should be granted. (ECF No. 9). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Plaintiff filed objections to the Report, (ECF No. 11), to which Defendant filed a Reply. (ECF No. 12). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated herein from the Report. (ECF No. 9). However, a brief recitation of the factual background is necessary to address Plaintiff's objections. Plaintiff asserts five cause of action: (1) race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (2) sex discrimination in violation of Title VII; (3) racially and sexually hostile work environment in violation of Title VII; (4) breach of contract; and (5) breach of contract accompanied by fraudulent act. (ECF No. 1). Plaintiff was employed with Defendant from July 7, 2020, until his termination on February 23, 2024. (ECF No. 1, ¶ 10). Plaintiff alleges that "despite [his] demonstrated performance and advancement, he began experiencing differential treatment and a hostile work environment on the basis of his race and sex, inconsistencies in workplace policies and procedures, and targeted actions that adversely affected his work assignments and employment records." *Id.* at ¶ 15.

Plaintiff cites to issues such as a change in work schedule, system errors marking him "tardy," corrective action taken after a medically documented restriction, a write up alleging unprofessional conduct based on a customer complaint, an incident wherein Plaintiff allegedly struck a vehicle while in his work vehicle, and his ultimate termination on February 23, 2024. (ECF No. 1). Plaintiff avers that "taken together, these actions, including inconsistent and partial application of disciplinary procedures, denial of procedural safeguards, reliance on unverified allegations, and disparate treatment, contributed to a racially and sexually hostile work environment …" *Id.* at ¶ 52.

The Report recommends that Defendant's Motion to Dismiss be granted because Plaintiff failed to state claims for race and sex discrimination that are plausible on their face, his allegations were not "severe or pervasive" enough to state a plausible hostile work environment claim, and consequently the Report recommends that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. This Court identifies four specific objections in Plaintiff's filing. (ECF No. 11). Each objection is addressed herein.

Objection 1

Plaintiff first argues that the Magistrate Judge erred by failing to view the evidence in the light most favorable to Plaintiff. Plaintiff avers that "the Magistrate Judge made his decision to dismiss Plaintiff's case through a favorable review of the Defendant's attestations, appearing to apply Plaintiff's testimony to support Defendant's account and dismissing that of the non-movant. The Magistrate Judge relied heavily on Defendant's

assertions with little regard to Plaintiff's statements, which were inconsistent with Plaintiff's well-plead facts." (ECF No. 11, p. 22). This Undersigned's *de novo* review of the Report and related filings does not support Plaintiff's argument. The Report states the correct standard such that in considering a motion to dismiss, the court "assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff. *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). The facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face. *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570)." (ECF No. 9, p. 3) (internal quotation marks omitted).

A review of the Report reflects that the Magistrate Judge complied with this standard. While Plaintiff may disagree with the Magistrate Jude's analysis of his Complaint, that does not render the Magistrate Judge's consideration of the facts in contravention to the Rule 12(b)(6) standard. Specifically, in considering Defendant's Motion, the Magistrate Judge stated that even considering all allegations in Plaintiff's Complaint as true, he fails to state a claim that is plausible on its face for his federal causes of action. For the reasons stated herein, the Undersigned agrees. Accordingly, Plaintiff's first objection is overruled.

Objection 2

In his second objection, Plaintiff argues that he sufficiently pled race and sex discrimination claims because: (i) he does not need to establish his *prima facie* case at the pleading stage; (ii) the alleged discriminatory discipline he received and his eventual termination are sufficient to support an inference of discrimination; and (iii) the Magistrate Judge misapplied the continuing violation doctrine. (ECF No. 11, pp, 8–14). For the reasons stated herein, all issues raised in Plaintiff's second objection are overruled.

First, Plaintiff's argument that the Report required him to plead a *prima facie* case with respect to his Title VII claims ignores the clear text of the Report. The Report cites to *Woods v. City of Greensboro*, wherein the Fourth Circuit Court of Appeals stated that a plaintiff "need not plead facts sufficient to establish a *prima facie* case of race-based discrimination to survive a motion to dismiss," but, rather, the "pleading standard established by *Iqbal* and *Twombly* applies." 855 F.3d 639, 649 (4th Cir. 2017) (citations omitted). A "plaintiff is nonetheless required to allege facts to satisfy the elements of a cause of action created by [the relevant] statute in compliance with *Iqbal*." *Id.* (citations omitted). In other words, at the motion to dismiss stage, the question "is whether [a plaintiff] alleges facts that plausibly state a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC,* 959 F.3d 605, 617 (4th Cir. 2020) (quoting *Coleman v. Maryland Ct. of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010)).

Thus, the Report's reference to the elements of a *prima facie* case for Title VII claims aided in the evaluation of the Motion to Dismiss. It was not the application of the incorrect standard. Thus, Plaintiff's objection regarding this analysis is denied.

Next, Plaintiff objects to the Report's determination that he failed to plead facts that support a plausible claim for race or sex discrimination. The elements of a *prima facie* case for a disparate treatment claim are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Forgus v. Mattis*, 753 F. App'x 150, 153 (4th Cir. 2018) (citation and internal quotation marks omitted). While Plaintiff need not plead a *prima facie* case at this stage, he must allege facts, that taken as true and observed in light most favorable to Plaintiff, satisfy the elements of a Title VII claim. Here, the Undersigned agrees with the Magistrate Judge that Plaintiff's Complaint falls short such that he has failed to allege any facts to justify an inference that Defendant discriminated against him because of his race or sex.

Plaintiff avers that he, an African American male, has adequately alleged that similarly situated Caucasian and female employees and supervisors received more favorable treatment. (*See* ECF No. 11, pp. 11–12). He also argues that the Magistrate Judge misapplied the continuing violation doctrine and should have considered incidents that occurred outside the time bar in making the recommendation. However, even if all incidents alleged by Plaintiff were considered, these bare assertions unsupported by any facts fail to adequately allege how his treatment by Defendant differed from Defendant's

treatment of female or non-African American employees. Importantly, Plaintiff fails to allege any facts that the other employees he alludes to were "similarly situated." *See Charlot v. Donley*, No. 3:11-579-MBS-SVH, 2013 WL 1339614, at *6 (D.S.C. Jan. 31, 2013) (holding similarly situated employees must be similar in all relevant respects to the plaintiff such that the employees "dealt with the same supervisor, were subject to the same standards, and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."). Plaintiff fails to allege any facts that he was treated differently than similarly situated employees because of his race or sex. Rather, the facts Plaintiff does allege in his Complaint pertains to his Caucasian supervisor, Jody Pieters. Plaintiff fails to allege how his supervisor can be considered a similarly situated employee. *See e.g. id.*

A "complaint [will not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted). Thus, because Plaintiff has failed to plead facts that support a plausible claim for race or sex discrimination, this Court agrees with the Report such that his Title VII race and sex discrimination claims are dismissed. Accordingly, Plaintiff's second objection is overruled.

Objection 3

Plaintiff next argues that the Report erred in finding that Plaintiff failed to plausibly allege he was subjected to a racially and sexually hostile work environment. Specifically, Plaintiff avers that the Report inappropriately required him to establish a *prima facie* case

at the pleading stage, and that he sufficiently pled "severe or pervasive" conduct to support a hostile work environment claim. As discussed in handling Plaintiff's second objection, his argument that the Report applied the incorrect standard and required establishment of a *prima facie* case is denied.

To state a Title VII hostile work environment claim based on a protected category, the plaintiff must allege workplace harassment that (1) was unwelcome; (2) was based on the employee's protected category; (3) was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) was, on some basis, imputable to the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citation omitted). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "Rude treatment, callous behavior, and a routine difference of opinion and personality conflict do not suffice to state a hostile work environment claim." *Ofoche v. Apogee Med. Grp.,* 815 F. App'x 690, 693 (4th Cir. 2020) (quoting *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 316 (4th Cir. 2008)).

Here, under the continuing violation theory—and giving credence to Plaintiff's position such that this Court considers all actions alleged as sufficiently linked—Plaintiff alleges that: he was disciplined for a tardiness issue caused by a computer system; he was disciplined for taking emergency medical leave despite providing a doctor's note; he was written up for following instructions of a Caucasian female after a customer complaint; and

9

he was discharged because Defendant credited allegations from a Caucasian female third party over Plaintiff's version. (ECF No. 1).

Accepting all of these allegations as true, this Court agrees with the Report such that Plaintiff has failed to state a plausible hostile work environment claim. These alleged actions amount to no more than disputed criticism of work performance and questionable investigations. While unpleasant, these are not actions that are severe or pervasive enough to create an objectively hostile or abusive work environment. *See e.g. Decoster v. Becerra*, 119 F.4th 332, 339 (4th Cir. 2024); *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011). Thus, Plaintiff's third objection is overruled.

Objection 4

Plaintiff's fourth objection pertains to the Report's recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim … if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, over Plaintiff's objections, this Court orders that Plaintiff's Title VII claims be dismissed. Accordingly, the Court has dismissed all claims over which it has original jurisdiction. Thus, while Plaintiff's state law claims were properly before this Court because they arose from the same case or controversy as Plaintiff's federal claims, 28 U.S.C. § 1367(a), the Court may now, and does, decline to exercise supplemental jurisdiction over these solitary state claims. *See Waybright v. Frederick Cnty., MD*, 528 F.3d 199, 209 (4th Cir. 2008) ("With all its federal questions gone, there may be the

10

authority to keep it in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."). Accordingly, Plaintiff's fourth objection is overruled.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 9). For the reasons discussed above, and in the Report, Defendant's Motion to Dismiss, (ECF No. 5), as it pertains to Plaintiff's federal claims, is granted. Consequently, this Court declines to exercise supplemental jurisdiction over the remaining state law claims. Thus, the remainder of Defendant's Motion to Dismiss, (ECF No. 5), is terminated as moot as to these state law claims, and Plaintiff's state law claims are dismissed without prejudice.

IT IS SO ORDERED.

August 11, 2026                  Joseph F. Anderson, Jr.
Columbia, South Carolina       United States District Judge